## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

AARON ANTHONY FLEMONS                                                        PLAINTIFF
ADC #119749

v.                                      5:18cv00073-DPM-JJV

GLENDA BOLDEN, Security Officer,                                            DEFENDANTS
East Arkansas Regional Unit, ADC,
DARYL MORRIS, Security Officer, East
Arkansas Regional Unit, ADC, WENDY
KELLEY, Director, ADC, KEITH WADDLE,
GOLDEN

### PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge D.P. Marshall, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.       Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not

offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial

evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional

evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.    INTRODUCTION

Aaron Anthony Flemons ("Plaintiff"), an inmate at the East Arkansas Regional Unit of the

Arkansas Department of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983.

(Doc. Nos. 2, 41.)  He sued ADC Director Wendy Kelley, Security Officers Glenda Bolden and

Daryl Morris, as well as Keith Waddle and Daniel Golden[1] in their personal and official capacities.

(Doc. No. 41 at 2.)  He alleges Defendants violated his due process rights by finding him guilty at

a disciplinary hearing he was prevented from attending and failing to gather and present evidence

and put on witnesses as requested by Plaintiff at a second disciplinary hearing.[2]  (Doc. Nos. 2, 41.)

He seeks damages, among other relief.  (Doc. No. 41 at 11.)

---

[1] The Clerk of the Court is directed to change Defendant Golden's name to Daniel Golden.  (Doc. No. 50 at 1.)

[2] Plaintiff made retaliation claims in his original Complaint, but those claims were dismissed earlier for failure to exhaust administrative remedies.  (Doc. Nos. 33, 36.)  Plaintiff later sought leave to amend his Complaint.  His motion was granted to the extent that he was allowed to add

Defendants have filed a Motion for Summary Judgment.  (Doc. Nos. 62-64.)  Plaintiff has responded (Doc. Nos. 67, 68, 71); this matter is now ripe for a decision.  After careful review, and for the following reasons, I find the Motion for Summary Judgment should be GRANTED and this case DISMISSED.

## II.   SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]"  Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party.  *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002).  The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial.  *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007).  The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy.  *Id.*  (citations omitted).  A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the

---

as Defendants Keith Waddle and Daniel Golden, but denied as to: (1) his unrelated claims concerning the denial of telephone access to and visitation with certain family members because the claims were unsuited for prosecution in one action with multiple defendants; and (2) his retaliation claims that had already been dismissed.  (Doc. No. 40.)   Further, Defendants ADC, Knott, and Rose were also previously dismissed.  (Doc. Nos. 13, 36, 61.)

outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.    ANALYSIS

Plaintiff alleges he was denied due process in connection with a January 10, 2018 and a January 18, 2018 disciplinary conviction. His official-capacity damages claims are barred by Eleventh Amendment immunity. *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989). His claims against Defendants in their personal capacities fail for the reasons explained below.

### A.    January 10, 2018 Disciplinary Conviction

On January 10, 2018, Plaintiff was convicted of insolence to a staff member and spitting on staff, two of five disciplinary charges brought against him. (Doc. No. 64-2 at 22-24.) He was sentenced to a reduction in class; thirty days in punitive isolation; a sixty-day suspension of commissary, phone, and visitation privileges; and the loss of one day good time credit. (*Id.* at 22-23.) Plaintiff appealed the conviction on January 11, 2018, and on June 13, 2018, the conviction was reversed because "the disciplinary was expired when it was ran . . . ." (*Id.* at 23.) Upon reversal of his conviction, Plaintiff's good time credit was restored. (*Id.* at 1, 29.)

The safeguards of the due process clause are triggered when a protected liberty interest is at issue. *Sandin v. Conner*, 515 U.S. 472, 484 (1995); *Phillips v. Norris*, 320 F.3d 844, 846-47 (8th Cir. 2003). A prisoner has a liberty interest in good time earned. *Wolff v. McDonnell*, 418 U.S. 539, 557-58 (1974). An alleged due process violation in a disciplinary proceeding is cured if the conviction was reversed and the inmate's good time restored. *Wycoff v. Nichols*, 94 F.3d 1187, 1190 (8th Cir. 1996). Such is the case with Plaintiff's January 10 conviction—the conviction was reversed, and his good time restored. Accordingly, Plaintiff cannot succeed on his due process

claims in connection with the loss of good time. As to the remainder of his punishment—reduction in class, thirty days in isolation, and 60 days loss of privileges—no protected liberty interest exists.

As a result of his conviction, Plaintiff's classification level was reduced to Class IV. Plaintiff, however, does not have a protected liberty interest in maintaining his classification level. *See Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Carney v. Houston*, 33 F.3d 893, 894-95 (8th Cir. 1994). Plaintiff was also stripped of commissary, phone and visitation privileges for sixty days, and confined for thirty days in punitive isolation. The due process clause applies only when prison officials impose "atypical and significant hardship on an inmate in relation to the ordinary incidents of prison life." *Sandin*, 515 U.S. at 485. The Eighth Circuit has held that thirty days in punitive segregation, the same length of time Plaintiff served, is not an atypical and significant hardship. *Portley-El v. Brill*, 288 F.3d 1063, 1065-66 (8th Cir. 2002); *Finney v. Hutto*, 410 F. Supp. 251, 278 (E.D. Ark. 1976), *aff'd*, 548 F.2d 740 (8th Cir. 1977), *aff'd*, 437 U.S. 678 (1978) (sentence of thirty days in isolation reasonable). Similarly, a sixty-day suspension of commissary, phone, and visitation privileges is not an atypical and significant hardship. *See Kennedy v. Blankenship*, 100 F.3d 640, 642-43 & n.2 (8th Cir. 1996).

Plaintiff contends "he successfully challenged and had reversed his disciplinary" conviction as a result of his *habeas* case, *Flemons v. Kelley*, case number 5:18-cv-129-DPM-JJV, United States District Court for the Eastern District of Arkansas. (Doc. No. 68 at 1.) Plaintiff's *habeas* petition was dismissed, however, for the same types of reasons his 42 U.S.C. § 1983 claim fails.

### B.    January 18, 2018 Disciplinary Conviction

Plaintiff was convicted of two major disciplinary charges—indecent exposure and failure to obey order of staff—on January 18, 2018; he was sentenced to a reduction in class; thirty days

punitive isolation; and 60 days commissary, phone, and visitation privileges.  (Doc. No. 64-2 at 2, 25-27.)  Defendants argue Plaintiff's due process claims regarding the January 18 conviction are *Heck*-barred.  (Doc. No. 63 at 10.)  Because Plaintiff's claims do not implicate the fact or duration of his confinement, including earned good time,[3] I disagree.  *See Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (if success in § 1983 action would necessitate immediate or speedier release, the claim is barred); *Davis v. Baughman*, 262 Fed.Appx. 728, 729 (8th Cir. 2008).

Plaintiff's claims concerning the January 18 conviction fail nonetheless because his punishment was not severe enough to call a protected liberty interest into play.  As explained above, no liberty interest is at issue where Plaintiff's punishment was a reduction in class; thirty days in punitive isolation; and a sixty-day suspension of commissary, phone, and visitation privileges.  Plaintiff alleges violations of the type of due process protections explained in *Wolff*— the opportunity to call witnesses and present a defense at his disciplinary hearing, for example.  ADC policy takes into consideration these protections.  (Doc. No. 64-1 at 12.)  For example, an inmate must receive advance notice before a disciplinary hearing and has the right to call witnesses.  (*Id.*)  But because no protected liberty interest is at issue, there was no violation even if Plaintiff's disciplinary proceeding did not adhere to the requirements outlined in *Wolff*.  *See Sandin*, 515 U.S. at 483-86.  Because Plaintiff has not established the violation of a protected liberty interest, his due process claims fail.

Plaintiff alleges the ADC's disciplinary manual and grievance procedure do not provide him "a way to challenge the veracity/legality of officials' decision to waive inmates appearing before the major disciplinary court" and thus constitute unconstitutional policies.  (Doc. No. 68 at

---

[3] Inmates do not accrue good time while in punitive segregation.  (Doc. No. 64-1 at 16.)  The inability to earn good time, however, is not a reduction in accumulated good time.

4.)  But inmates do have available the appeal procedure in disciplinary proceedings.  (Doc. No. 64-1 at 17-18.)

As the facts of this case do not make out the violation of a constitutional right, Defendants are entitled to qualified immunity on Plaintiff's personal-capacity claims against them.  *Sisney v. Reisch*, 674 F.3d 839, 844 (8th Cir. 2012).  Further, I recommend the Court decline to exercise jurisdiction over any state-law claims Plaintiff made.  (*See, for example*, Doc. No. 2 at 2); 28 U.S.C. § 1367(c)(3); *Wilson v. Miller*, 821 F.3d 963, 970-71 (8th Cir. 2016).

### C.    Plaintiff's Punishment: Due Process & Eighth Amendment Claims

In his Complaint, Plaintiff makes allegations that Defendants violated his "right to be free from cruel and unusual punishment" and asserts "[t]he punishment used amounts to cruel and unusual punishment." (*See* Doc. No. 41 at 1-2, 10.)  In response to Defendants' Motion for Summary Judgment, Plaintiff points out that his Eighth Amendment claims remain pending.  The punishment Plaintiff received—loss of good time credit that was restored; reduction in class; thirty days in punitive isolation; a sixty-day suspension of commissary, phone, and visitation privileges—does not rise to the level of a constitutional violation.  *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003).

In addition to the suspension of commissary, phone, and visitation privileges, Plaintiff now asserts that while in punitive isolation, he was exposed to the yelling and screaming of other inmates, the smell of urine and feces, toilet water flooding his cell, and bright lights that caused sleep deprivation, among other things.  (Doc. No. 68 at 8.)  In their Reply, Defendants argue Plaintiff did not raise these issues before and failed to plead sufficient facts establishing Defendants' deliberate indifference to a substantial risk of serious harm to Plaintiff's health or safety.  (Doc. No. 74.)  I agree.  Bare allegations void of factual enhancement are insufficient to

state a claim for relief under § 1983.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  But beyond that, Plaintiff alleged only that the conditions existed; he did not assert Defendants' knowledge of the conditions or any conduct by Defendants that would support a conclusion they acted indifferently.  *See, for example, Givens v. Jones*, 900 F.2d 1229, 1234 (8th Cir. 1990) (noise and fumes); *Smith v. Copeland*, 87 F.3d 265, 268-269 (8th Cir. 1996) (overflowed toilet).  Further, Plaintiff has presented no evidence to support his allegations.  Plaintiff's self-serving statements at this stage of the proceedings have failed to create a genuine  issue of fact that would preclude summary judgment in Defendants' favor.  *See Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 469-70 (8th Cir. 2010).

### D.    Access to the Courts

Plaintiff also points out that his access to the courts claims remain pending.  (Doc. No. 68 at 2.)  Defendants assert that to prove his access to the courts claim, plaintiff must demonstrate that a non-frivolous legal claim has been impeded.  (Doc. No. 74.)  Here, Plaintiff was not prevented from pursuing any nonfrivolous legal claim, as demonstrated by this pending lawsuit.  *See Hartsfield v. Nichols*, 511 F.3d 826, 832 (8th Cir. 2008).  Further, as Defendants note, Plaintiff brought *habeas* claims challenging his January 10, 2018 and January 18, 2018 disciplinary convictions: *Flemons v. Kelley*, case no. 5:18-CV-00129-DPM/JJV and *Flemons v. Kelley*, case no. 5:18-CV-00220-BRW/PSH.  (Doc. No. 74 at 7.)  Plaintiff has come forward with no evidence to support his access to the court claim.  I find Defendants are entitled to summary judgment on this claim.  Further, Defendants' assert Plaintiff's allegations closely resemble a procedural due process claim; due process has been addressed above.

**IV.    CONCLUSION**

IT IS, THEREFORE, RECOMMENDED that:

1.       Defendants' Motion for Summary Judgment (Doc. No. 62) be GRANTED.

2.       The Court decline to exercise jurisdiction over Plaintiff's state-law claims.

3.       Plaintiff's claims be DISMIMSSED with prejudice.

4.       This case be DISMISSED with prejudice.

5.       The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis*

appeal from an Order adopting these recommendations and the accompanying Judgment would

not be taken in good faith.

DATED this 14th day of May 2019.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE