**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

AARON ANTHONY FLEMONS                                          PLAINTIFF
ADC #119749

v.                                    5:18CV00073-DPM-JJV

GLENDA BOLDEN, Security Officer,                              DEFENDANTS
East Arkansas Regional Unit, ADC,
DARYL MORRIS, Security Officer, East
Arkansas Regional Unit, ADC, WENDY
KELLEY, Director, ADC, KEITH WADDLE,
DANIEL GOLDEN

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following supplemental recommended disposition has been sent to United States District Judge D.P. Marshall, Jr.  Any party may serve and file written objections to this recommendation.  Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations.  The copy will be furnished to the opposing party.  Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing.  Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

## DISPOSITION

## I.      INTRODUCTION

Aaron Anthony Flemons ("Plaintiff"), an inmate at the East Arkansas Regional Unit of the Arkansas Department of Correction ("ADC"), filed this action *pro se* pursuant to 42 U.S.C. § 1983. (Doc. Nos. 2, 41.)  He sued ADC Director Wendy Kelley, Security Officers Glenda Bolden and Daryl Morris, as well as Keith Waddle and Daniel Golden in their personal and official capacities. (Doc. No. 41 at 2.)  He alleges Defendants violated his due process rights by finding him guilty at a disciplinary hearing he was prevented from attending and failing to gather and present evidence and put on witnesses as requested by Plaintiff at a second disciplinary hearing.[1]  (Doc. Nos. 2, 41.)

---

[1] Plaintiff made retaliation claims in his original Complaint, but those claims were dismissed earlier for failure to exhaust administrative remedies.  (Doc. Nos. 33, 36.)  Plaintiff later sought leave to amend his Complaint.  His motion was granted to the extent that he was allowed to add as Defendants Keith Waddle and Daniel Golden, but denied as to: (1) his unrelated claims concerning the denial of telephone access to and visitation with certain family members because the claims were unsuited for prosecution in one action with multiple defendants; and (2) his retaliation claims that had already been dismissed.  (Doc. No. 40.)   Further, Defendants ADC, Knott, and Rose were also previously dismissed.  (Doc. Nos. 13, 36, 61.)

He also claimed violation of his Eighth Amendment rights.  (*Id*.)  He seeks damages, among other relief.  (Doc. No. 41 at 11.)

On March 15, 2019, Defendants filed a Motion for Summary Judgment.  (Doc. Nos. 62-64.)  Plaintiff responded. (Doc. Nos. 67-68, 71.)  In his Response, Plaintiff described purported unlawful conditions during his time in isolation in connection with his Eighth Amendment claim. (Doc. No. 68 at 8.)

On May 14, 2019, I recommended Defendants' Motion be granted.  (Doc. No. 75.)  Plaintiff later filed a Motion to Amend Complaint (Doc. No. 79), but on August 16, 2019, United States District Judge D.P. Marshall, Jr. denied Plaintiff's Motion.  (Doc. No. 81.)  While Judge Marshall did not allow Plaintiff to file a new pleading, he explained that the Court will consider Plaintiff's proposed complaint as an affidavit in support of his Response to Defendants' Motion for Summary Judgment.  (*Id*. at 1.)  Judge Marshall noted that the proposed amendment includes more facts, provided under oath, about Plaintiff's time in punitive isolation and returned the case to me "for a supplemental recommendation on Flemons's Eighth Amendment claims in light of the new material."  (*Id*.)

Defendants did not have the opportunity to address Plaintiff's Affidavit (Doc. No. 79) in their Reply to Plaintiff's Response to Defendants' Motion for Summary Judgment (Doc. No. 74). Accordingly, I gave Defendants an opportunity to file a Supplemental Reply (Doc. No. 82), which they did on August 5, 2019 (Doc. No. 83).

## II.   SUMMARY JUDGMENT STANDARD

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A party asserting that a fact cannot be or

is genuinely disputed must support the assertion by citing to particular parts of materials in the record, "including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1)(A).

When ruling on a motion for summary judgment, the court must view the evidence in a light most favorable to the nonmoving party. *Naucke v. City of Park Hills*, 284 F.3d 923, 927 (8th Cir. 2002). The nonmoving party may not rely on allegations or denials, but must demonstrate the existence of specific facts that create a genuine issue for trial. *Mann v. Yarnell*, 497 F.3d 822, 825 (8th Cir. 2007). The nonmoving party's allegations must be supported by sufficient probative evidence that would permit a finding in his favor on more than mere speculation, conjecture, or fantasy. *Id.* (citations omitted). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party; a fact is material if its resolution affects the outcome of the case. *Othman v. City of Country Club Hills*, 671 F.3d 672, 675 (8th Cir. 2012). Disputes that are not genuine or that are about facts that are not material will not preclude summary judgment. *Sitzes v. City of West Memphis, Ark.*, 606 F.3d 461, 465 (8th Cir. 2010).

## III.    ANALYSIS

Plaintiff alleged Defendants violated his "right to be free from cruel and unusual punishment" and asserted "[t]he punishment used amounts to cruel and unusual punishment." (*See* Doc. No. 41 at 1-2, 10.) In response to Defendants' Motion for summary Judgment, Plaintiff pointed out that his Eighth Amendment claims remain pending. The punishment Plaintiff received—loss of good time credit that was restored; reduction in class; thirty days in punitive isolation; a sixty-day suspension of commissary, phone, and visitation privileges—does not rise to

the level of a constitutional violation.  *See Hudson v. McMillian*, 503 U.S. 1, 9 (1992); *Phillips v. Norris*, 320 F.3d 844, 848 (8th Cir. 2003).

Plaintiff also asserted that while in punitive isolation, he was exposed to the yelling and screaming of other inmates, the smell of urine and feces, toilet water flooding his cell, and bright lights that caused sleep deprivation, among other things.  (Doc. No. 68 at 8; Doc. No 79-1.)  In Plaintiff's sworn affidavit, he explains that his personal property—including mail, reading books, photographs, his radio, *etc.*—were taken from him and not returned until after he was released from punitive isolation. (Doc. No. 79-1 at 7.)  He also maintains that he was housed around mental health supervised inmates; the bright light that was in his cell stayed on 24-hours a day and was never dimmed; he was subjected to loud noises, such as beating on toilets, cell bars, or other inmates' yelling or screaming.  (*Id.*)  Plaintiff further asserts that sometimes water from other inmates' flooded toilets entered his cell and he was subjected to the smell of feces and urine.  (*Id.*)  Lastly, he complains that he was not allowed television or movie viewing privileges, news or newspaper, and no library privileges.  (*Id.*)

Plaintiff asserts Defendants violated the Eighth Amendment's prohibition on cruel and unusual punishment by subjecting him to those alleged conditions during his time in isolation.  Such a claim requires a plaintiff to show that "the alleged violation is 'objectively [and] sufficiently serious'" and that "the defendant acted with a 'sufficiently culpable state of mind.'"  *Kulkay v. Roy*, 847 F.3d 637, 642 (8th Cir. 2017) (internal citations omitted).  "In a case challenging the conditions of confinement, the requisite state of mind is 'deliberate indifference' to inmate health or safety.'"  *Id*. at 643. (internal citations omitted.)  A defendant is deliberately indifferent "if he or she actually knows of the substantial risk and fails to respond reasonably to it."  *Id*.  (internal citation omitted).  A § 1983 conditions of confinement claim cannot rest on the "should have

known" standard; a defendant must have been "exposed to information concerning the risk and thus 'must have known' about it." *Blair v. Bowersox*, 929 F.3d 981, 987 (8th Cir. 2019) (internal citation omitted.)  A defendant is deliberately indifferent if he or she acts "with a conscious disregard for the risk." *Id.* (*citing Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

Plaintiff has explained the purported unlawful conditions of his confinement. But he did not allege any Defendant's knowledge of the conditions or any conduct by any Defendant that would support a claim that one or more of them acted indifferently. *(See, for example,* Doc. Nos. 2, 41, 67, 68, 71, 79-1.) *See also Givens v. Jones*, 900 F.2d 1229, 1234 (8th Cir. 1990) (noise and fumes); *Smith v. Copeland*, 87 F.3d 265, 268-269 (8th Cir. 1996) (overflowed toilet). That is fatal to Plaintiff's conditions of confinement claim because a § 1983 complaint must allege that a person acting under the color of state law deprived the plaintiff of a constitutional or federally-protected statutory right. *See* 42 U.S.C. § 1983. "Liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights." *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). Moreover, factual allegations must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Even liberally constructing Plaintiff's Complaint, as amended, and the documents he filed in response to Defendants' Motion, Plaintiff failed to allege facts that raise a right to relief on his conditions of confinement claim. His official capacity claims are barred by Eleventh Amendment immunity. *Nix v. Norman*, 879 F.2d 429, 431-32 (8th Cir. 1989). And he did not state a personal-capacity claim against any Defendant because he did not plead facts indicating that any Defendant

6

acted with deliberate indifference. Even considering, without finding, that the conditions he described posed a substantial risk, Plaintiff does not explain any Defendant's conduct as it related to those conditions. Accordingly, Plaintiff's Eighth Amendment claim fails to state a claim on which relief may be granted. *See, for example, Jones v. Roy*, 449 Fed. Appx 526 (8th Cir. 2011) (*per curiam*) (upholding dismissal of plaintiff's complaint where he failed to plead facts suggesting defendants were personally involved with the confiscation of his property).

## IV.    CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1.    Defendants' Motion for Summary Judgment (Doc. No. 62) be GRANTED.

2.    The Court decline to exercise jurisdiction over Plaintiff's state-law claims.

3.    Plaintiff's claims be DISMIMSSED with prejudice.

4.    This case be DISMISSED with prejudice.

5.    The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from an Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 6th day of September 2019.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE